IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VYTAS BANKAITIS and LEE ANNE BANKAITIS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) 1:16cv146 ) |
| ALLSTATE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiffs, Vytas Bankaitis and Lee Anne Bankaitis, initiated this action in state court against Defendant, Allstate Insurance Company ("Allstate" or "Defendant"), alleging violations of state common and statutory law. Defendant subsequently removed the action to this Court, on the basis of diversity of citizenship. Before the Court is Defendant's partial Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 4.) For the reasons that follow, the Court grants in part and denies in part the motion.

**I. BACKGROUND[1]**

Plaintiffs' Complaint and attached exhibits set forth the following: On or about June 15, 2011, Plaintiffs purchased an insurance policy from Allstate covering their home against

---

[1] When considering a motion to dismiss, the court accepts as true all well-pleaded allegations in the complaint and views the complaint and any attached exhibits to it in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

certain losses, including losses caused by fire. (ECF No. 3 ¶¶ 5, 9.) On January 29, 2012, a fire destroyed Plaintiffs' home. (*Id.* ¶ 8.) Plaintiffs then notified Allstate of the damage and hired a builder to start repairs on their home. (*Id.* ¶¶ 10, 11.) Before commencing with any repairs, the builder had the foundation of the house inspected by an engineer who opined that the foundation had been damaged by the fire and would have to be replaced. (*Id.* ¶ 12.) Allstate disagreed, based on a preliminary report by its engineer, which stated that the foundation of the home suffered no damage. (*Id.* ¶ 13.) Allstate's engineer was unable to certify the building plans to allow the rebuilding of Plaintiffs' home to begin for reasons not relevant to this action. (*Id.* ¶ 14.)

Several months elapsed, and in October 2012 Allstate informed Plaintiffs about its concern that their builder had caused additional damage to the home and stated that Allstate was "not making any commitment to cover the additional damages." (ECF No. 3-7 at 1–2.) In November 2012, a second engineer hired by Allstate, Wilbur Dees, inspected the home's foundation and issued his report and opinion, certifying the home for rebuild and making certain recommendations. (*See* ECF No. 3-2 at 1–3; ECF No. 3 ¶¶ 16, 22.) A month later Defendant made an offer for the costs of the rebuild, which did not include all rebuild costs requested, leaving certain costs to be determined toward the end of the project. (ECF No. 3 ¶ 23.) As the end of the rebuild drew closer, Plaintiffs requested additional sums to complete the project. (*Id.* ¶ 24.) Allstate refused to provide the additional funding requested. (*Id.*)

Unable to reach an agreement on the sums necessary to rebuild Plaintiffs' home, Plaintiffs invoked the appraisal process under the insurance policy.[2] (*Id.* ¶ 25.)

While the appraisal process was underway, Plaintiffs learned that Allstate was attempting to have certain alleged damages caused by Plaintiffs' contractor excluded from the appraisal. (ECF No. 3-5 at 3; ECF No. 3 ¶ 32.) In response, Plaintiffs sent Allstate an email on March 30, 2015 requesting that, if Allstate was denying coverage for the alleged contractor damages, to provide them with the supporting policy provision along with a reason Allstate delayed providing such information. (ECF No. 3-5 at ¶ 3; *see* ECF No. 3 ¶ 33.) On April 23, 2015, Allstate responded that it never "indicated or stated that these additional damages would not be covered" but rather that they would need to be handled under "separate claims[] since they were not relate[d] to the initial fire loss." (ECF No. 3-5 at 1.) On August 4, 2015, a final appraisal award was reached. (ECF No. 3 ¶ 30.)

On January 27, 2016, Plaintiffs initiated this action, alleging four causes of action against Allstate: (1) breach of contract; (2) unfair and deceptive acts; (3) unfair claims settlement practices; and (4) bad faith. Following removal of the action to this Court, Allstate filed a motion to dismiss, contending that Plaintiffs' causes of action for breach of contract and bad faith were untimely filed and thus subject to dismissal for failure to state a claim upon

---

[2] Appraisal is a form of alternative dispute resolution, similar to an arbitration, *see Enzor v. N.C. Farm Bureau Mut. Ins. Co.*, 473 S.E.2d 638, 639 (N.C. Ct. App. 1996). The policy at issue here allows either Plaintiffs or Allstate to seek appraisal when they do not agree on the value or amount of any item or loss. (ECF No. 5-1 at 25.) Under North Carolina law, the sole purpose of an appraisal is to determine the amount of loss or damage. *N.C. Farm Bureau Mut. Ins. Co., Inc. v. Sadler*, 711 S.E.2d 114, 117 (N.C. 2011). It does not determine whether a loss is covered under the policy. *Id.*

which relief can be granted.[3] Dismissal of the unfair and deceptive acts claim was not raised by Allstate in its motion. The Court will therefore not address this claim.

## II. STANDARD OF REVIEW

The purpose of a motion made under Rule 12(b)(6) of the Federal Rules of Civil Procedure "is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Generally, a district court may not consider documents outside of the complaint without converting it to a motion for summary judgment. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (per curiam). However, the court can properly consider documents attached to the complaint as exhibits and documents attached to the motion to dismiss so long as they are integral to the complaint and authentic. *Goines*, 822 F.3d at 166. Although the court is to take the facts in the light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, the court need not accept "unwarranted inferences, unreasonable conclusions, or arguments," *id.*, or allegations that are contradicted by documents properly designated as exhibits, *Goines*, 822 F.3d at 166.

---

[3] Allstate also moved to dismiss Plaintiffs' unfair claims settlement practices cause of action brought under N.C. Gen. Stat. § 58-63-15(11), asserting that the statute does not create a private right of action. (ECF No. 5 at 8.) Plaintiffs agree and thus their claim brought pursuant to that statute will be dismissed for failure to state a claim. (*See* ECF No. 8 at 3–4.)

Affirmative defenses such as a statute of limitations defense can only be reached on a motion to dismiss "if all facts necessary to the affirmative defense 'clearly appear[] *on the face of the complaint*.'" *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (alteration in original) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). Rarely will a claim be dismissed as time barred at the motion to dismiss stage in the litigation. *See id.*; *Stack v. Abbott Labs., Inc.*, 979 F. Supp. 2d 658, 664 (M.D.N.C. 2013).

## III. DISCUSSION

Allstate argues that Plaintiffs' breach of contract and bad faith claims should be dismissed because they were not filed within either the applicable statute of limitations or the contractual limitations provision in Plaintiffs' insurance policy. (*See* ECF No. 5 at 5, 7.) Plaintiffs assert, among other things, that their claims are not time barred and, even if they were filed outside of the relevant statutory and contractual time periods, equitable estoppel bars Allstate from asserting the time limitations. (*See* ECF No. 8 at 6–7.) Because the Court has subject matter jurisdiction in this action based on diversity of citizenship, it must examine the parties' arguments under North Carolina's substantive law. *See Castillo v. Emergency Med. Assocs.*, 372 F.3d 643, 646 (4th Cir. 2004).

### A. Whether Plaintiffs' Breach of Contract and Bad Faith Claims are Time-Barred

North Carolina law sets forth standard requirements that must be incorporated in every fire insurance policy, one of which is the voiding of provisions that do not provide a minimum limitations period of three years to file suit. *See* N.C. Gen. Stat. § 58-44-16(a)–(b), (f)(18); *Glover v. Rowan Mut. Fire Ins. Co.*, 45 S.E.2d 45, 47 (N.C. 1947). The insurance policy issued by Allstate in this case complies with the time limitations prescribed in N.C. Gen. Stat. § 58-44-

16(f)(18).  Specifically, the policy provides, in relevant part, that "[n]o action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within three years after the date of loss."  (ECF No. 5-1 at 26.)  The parties do not dispute that Plaintiffs' breach of contract and bad faith claims are subject to a three-year statute of limitations.  They do, however, disagree on when Plaintiffs' causes of action began to accrue, *i.e.*, the date of loss.  Plaintiffs assert that their causes of action accrued on January 29, 2012, which is the date of the fire.  (ECF No. 8 at 5.)  Defendant, on the other hand, points to the date of the alleged contractor error, contending that Plaintiffs' claims accrued no later than October 2012.  (ECF No. 5 at 7.)  Whether the claims accrued on January 29, 2012 or no later than October 2012, Plaintiffs filed this action on January 27, 2016, which is more than three years from either date.  Thus, the claims would ordinarily be time barred irrespective of which party's date of loss is used.

Plaintiffs argue, however, that they could not have filed this action before August 4, 2015, the date the appraisal process was completed.  (ECF No. 8 at 5–6.)  As support, they rely on the North Carolina Court of Appeals decision in *Patel v. Scottsdale Insurance Co.*, 728 S.E.2d 394 (N.C. Ct. App. 2012).  In *Patel*, the North Carolina Court of Appeals held that in a dispute over the amount of a covered loss under a policy, participation in and completion of appraisal was a condition precedent to the commencement of litigation.  *Id.* at 399.  There, as in this case, the policy provided that if the insurance company and the insured disagreed on the value or amount of loss, either may demand an appraisal and that no action may be brought against the insurance company until there had been full compliance with the policy's terms.  *Id.* at 398–99. The policy in *Patel* further provided:

6

> We will pay for covered loss or damage within 30 days after we receive
> the sworn proof of loss, if you have complied with all of the terms of
> this Coverage Part and:
> (1) We have reached agreement with you on the amount of loss; or
> (2) An appraisal award has been made.

*Id.* at 399. According to the court in *Patel*, this language "explicitly provide[d] that Defendant ha[d] no obligation to make a loss payment until the parties . . . either agreed on the amount of the loss or the appraisal process ha[d] been completed." *Id.* Noting that "either agreement or an appraisal decision" was a prerequisite to the making of a loss payment under the policy, the court stated that the plaintiff was required to complete appraisal before filing suit. *Id.*

Plaintiffs' policy here, however, provides:

> We will adjust all losses with you. . . . We will pay within 60 days after
> the amount is finally determined.
> This amount may be determined by:
> a. Reaching an agreement with you;
> *b. Entry of a final judgment*; or
> c. The filing of an appraisal award with us.

(ECF No. 5-1 at 26 (emphasis added).) Unlike in *Patel*, the express terms of Plaintiffs' insurance policy obligates Allstate, in the event of a dispute over the value of covered losses, to make loss payments upon the entry of a final judgment *or* the filing of an appraisal award. (*Id.*) Here, the issuing of the appraisal award is therefore not a condition precedent to the filing of a lawsuit, in that under the terms of the policy, Plaintiffs could have initiated a lawsuit against Allstate once it was determined that there was disagreement between the parties over the loss.

Further, of significance, the court in *Patel* did not address the interplay between a condition precedent under an insurance policy and a statute of limitations. Plaintiffs have provided no North Carolina authority for their argument that participation in, or completion

7

of, an appraisal has any impact on the applicable statutory or contractual limitations for them to file an action. Nor has this Court found such support. Although some jurisdictions have enacted statutes that specifically toll the statute of limitations during appraisal,[4] North Carolina is not one of them.[5] As the court in *Lanier* observed, "all fire insurance policies must adhere to the standards described within [the statute]. . . . If the North Carolina legislature intended for the statutory limitations period to be tolled during the entirety of the claims process to allow . . . a final decision on the claim, either the standard policy form or governing statute would expressly provide for tolling. It has not seen fit to do so." *Id.* at *4.

Because the statutory and contractual periods of time for Plaintiffs to file their breach of contract and bad faith claims had expired prior to the filing of this lawsuit, these claims are subject to dismissal unless Allstate, by its conduct, has waived or is estopped from relying upon the limitations provisions as argued by Plaintiffs. *Marshburn v. Associated Indem. Corp.*, 353 S.E.2d 123, 126 (N.C. Ct. App. 1987); *see also Hatcher v. Flockhart Foods, Inc.*, 589 S.E.2d 140, 142 (N.C. Ct. App. 2003) ("[A] defendant 'may be equitably estopped from using a statute of limitations as a sword, so as to unjustly benefit from his own conduct which induced a plaintiff to delay filing suit.'" (quoting *Friedland v. Gales*, 509 S.E.2d 793, 796 (N.C. Ct. App. 1998))).

---

[4] *See, e.g., Stone Flood & Fire Restoration, Inc. v. Safeco Ins. Co. of Am.*, 268 P.3d 170, 175 (Utah 2011); *Hawley v. Preferred Mut. Ins. Co.*, 36 N.E.3d 1284, 1288 (Mass. App. Ct. 2015); *Wieting Funeral Home of Chilton, Inc. v. Meridian Mut. Ins. Co.*, 690 N.W.2d 442, 450–51 (Wis. Ct. App. 2004).

[5] A district court in the Western District of North Carolina declined to toll or enlarge the statute of limitations while the parties were complying with a condition precedent under a fire insurance policy. *See Lanier v. State Farm Fire & Cas. Co.*, No. 5:07cv129-V, 2009 WL 926914, at *3–4 (W.D.N.C. Mar. 31, 2009) (rejecting plaintiff's argument that provisions in the insurance policy requiring submission of a proof of loss within 60 days and that no lawsuit shall be brought within 90 days from the receipt of the proof of loss enlarges the limitations period to three years plus the postponement period).

8

### B. Equitable Estoppel

"The essential elements of equitable estoppel are: '(1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts.'" *Trillium Ridge Condo. Ass'n v. Trillium Links & Vill., LLC*, 764 S.E.2d 203, 216 (N.C. Ct. App. 2014) (quoting *White v. Consol. Planning, Inc.*, 603 S.E.2d 147, 162 (N.C. Ct. App. 2004)). The party asserting the defense must: (1) lack knowledge and the means of acquiring such knowledge about the real facts in question; and (2) have "relied upon the conduct of the party sought to be estopped to his prejudice." *Id.* (quoting *White*, 603 S.E.2d at 162). "Actual fraud, bad faith, or an intent to mislead or deceive is not essential to invoke the equitable doctrine of estoppel." *Duke Univ. v. Stainback*, 357 S.E.2d 690, 692 (N.C. 1987). It is the party asserting equitable estoppel who bears the burden of proving the essential elements. *State Farm Mut. Auto. Ins. Co. v. Atl. Indem. Co.*, 468 S.E.2d 570, 575 (N.C. Ct. App. 1996).

The facts alleged by Plaintiffs in their Complaint, taken as true and viewed in the light most favorable to them, are sufficient to support a plausible claim of equitable estoppel. Plaintiffs allege that Allstate was aware in October 2012 that Plaintiffs' claim of damages included alleged damages caused by contractor error. (ECF No. 3 ¶ 47.) Despite this awareness, Plaintiffs contend that Allstate concealed from them its intent to deny coverage for the alleged contractor damages absent submission of a separate claim. (*Id.* ¶¶ 35, 48; ECF No. 8 at 9.) After raising their concern with Allstate that excluding the contractor damages from the appraisal was improper, Plaintiffs assert that Allstate informed them for the first time in

9

March 2015 that a separate claim was required for those damages. (ECF No. 3 ¶¶ 32, 33, 35, 36, 38, 48.) By that time, according to Plaintiffs, the statute of limitations had run on January 29, 2015. (ECF No. 8 at 10.)

Plaintiffs assert that Allstate's concealment of its intent to deny coverage absent submission of a separate claim was intended to induce Plaintiffs to delay "immediately invok[ing] the appraisal process . . . fil[ing] a separate claim or commenc[ing] suit." (*Id.* at 9.) They further assert that Allstate was aware of its actions and its intent to deny coverage, that Plaintiffs lacked such knowledge, and that they could not have discovered such information. (*Id.* at 9–10.) Finally, Plaintiffs contend that they relied on Allstate's concealment to their detriment in that they did not file suit or take other action until after the statute of limitations had passed. (*Id.*)

Although Allstate argues that Plaintiffs have failed to allege misrepresentations made by it that caused Plaintiffs to delay bringing suit, (ECF No. 9 at 2), the North Carolina Supreme Court has stated that conduct that lulls a party into a false sense of security, causing that party to delay filing an action, is sufficient to support a claim of equitable estoppel. *Duke Univ.*, 357 S.E.2d at 692–93; *see also Duke Univ. v. St. Paul Mercury Ins. Co.*, 384 S.E.2d 36, 42 (N.C. Ct. App. 1989). This Court concludes that Plaintiffs have alleged sufficient facts to state a plausible claim of equitable estoppel.[6]

---

[6] Plaintiffs also argued that Defendant has waived and is estopped from making any argument that a second appraisal is required. (ECF No. 8 at 5, 7.) Plaintiffs have failed to sufficiently explain the relevance of this argument to the statutory and contractual limitations period.

## IV. CONCLUSION

The Court concludes that Plaintiffs' breach of contract and bad faith claims would ordinarily be subject to dismissal based on the applicable statutory and contractual time limitations for bringing this lawsuit; however, Plaintiffs have sufficiently alleged a plausible claim of equitable estoppel to withstand dismissal of their claims pursuant to Rule 12(b)(6) at this stage in the litigation. Further, by agreement of the parties, Plaintiffs' unfair claims settlement practices cause of action will be dismissed.

For the reasons outlined herein, the Court enters the following:

### ORDER

IT IS THEREFORE ORDERED that Allstate's partial Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 4) is GRANTED IN PART and DENIED IN PART. Allstate's motion is granted to the extent it seeks dismissal of the Plaintiffs' unfair claims settlement practices cause of action and denied to the extent it seeks dismissal of the Plaintiffs' breach of contract and bad faith claims.

This, the 17th day of January, 2016.

                                                       /s/ Loretta C. Biggs
                                              United States District Judge